UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ROBIN WHITE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:19-CV-477-TAV |
| | ) | 3:18-CR-44-TAV-HBG-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Robin White has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 53; Case No. 3:19-cv-477, Doc. 1].[1] In her motion, she presents two ineffective-assistance-of-counsel claims. The government has responded in opposition to petitioner's § 2255 motion [Case No. 3:19-cv-477, Doc. 5]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion [Doc. 53; Case No. 3:19-cv-477, Doc. 1] will be **DENIED**.

**I.  Background**

On July 18, 2018, petitioner entered a guilty plea to charges of possessing with intent to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C.

---

[1] All docket citations refer to the underlying criminal case unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

§§ 841(a)(1), (b)(1)(A) (Count 1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2) [Docs. 19, 21]. The plea agreement stated that the punishment for the § 924(c) offense was "a minimum mandatory term of imprisonment of at least five years and up to life, to be served consecutively to any other term of imprisonment imposed" [Doc. 19, p. 1].

At the plea hearing, after being sworn, petitioner stated that her lawyer had explained the terms of the plea agreement to her and had specifically discussed any maximum possibly penalty [Doc. 49, pp. 3, 6]. Petitioner stated that she was satisfied with the advice her counsel had given her, and her counsel, Christopher Rodgers, stated that he was satisfied that petitioner understood the charges [*Id*. at 7]. The government then explained that petitioner was pleading guilty to Counts 1 and 2 of the indictment, and that the punishment for Count 2 was a "minimum mandatory term of imprisonment of at least five years and up to life which must be served consecutively to any other term of imprisonment imposed" [*Id*. at 11–12]. Petitioner stated that she heard the government's case against her and agreed with the government's summary [*Id*. at 14]. Petitioner specifically acknowledged that she was pleading guilty to both Counts 1 and 2 [*Id*. at 15–16]. As to Count 2, the Court asked petitioner whether she understood that the punishment was "a term of imprisonment of at least five years to life, which must be served consecutively to any other term of imprisonment imposed," and petitioner confirmed that she understood, before specifically pleading guilty to Count 2 [*Id*. at 16].

After the plea hearing, Assistant United States Attorney ("AUSA") Cynthia F. Davidson filed a notice of appearance as lead counsel in the case on behalf of the United States of America [Doc. 23]. Thereafter, petitioner and the government signed a revised plea agreement, in which petitioner pled guilty to the same counts, and petitioner again acknowledged that the § 924(c) offense required a minimum mandatory term of at least five years to be served consecutively to any other term of imprisonment imposed [Doc. 24, p. 1].

The presentence investigation report ("PSR") again set forth that the term of imprisonment on Count 2 was required to be imposed consecutively to any other counts [PSR, ¶ 60]. The PSR accordingly calculated petitioner's effective guideline range to be 180 months' imprisonment, based on a mandatory minimum 10-year sentence as to Count 1, and the mandatory consecutive 60-month sentence as to Count 2 [*Id.*, ¶ 61]. Petitioner filed a notice of no objections to the PSR [Doc. 29]. The government moved for a downward departure pursuant to United States Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e) and requested a sentence of 144 months [Doc. 33], and petitioner requested a further downward variance [Doc. 27].

At the sentencing hearing, the Court reiterated that petitioner had pled guilty to both Counts 1 and 2 of the indictment, and petitioner again confirmed that she understood that the offense described in Count 2 "requires a sentence of five years to life that must be served consecutive to the sentence in Count 1" [Doc. 50, pp. 3–4]. The Court ultimately

3

sentenced defendant to a total term of 132 months' imprisonment, consisting of 72 months as to Count 1 and 60 months as to Count 2, to run consecutively [Doc. 37].

In her § 2255 motion, petitioner argues that her counsel was ineffective in (1) telling her that "the gun charge would be included in her plea," but later stating that "it was not included;" and (2) telling her that he could not talk to AUSA Cynthia Davidson, after she was assigned to the case [Doc. 53; Case No. 3:19-cv-477, Doc. 1, p. 4–5]. In an attached letter, petitioner indicates that the relief she is seeking is for her "gun charge to be ran concurrent with [her] drug charge instead of consecutively" [Doc. 53-1; Case No. 3:19-cv-477, Doc. 1-1].

The government responds that petitioner has identified no legal basis on which counsel could have obtained concurrent sentences for her, as a § 924(c) conviction carries a mandatory consecutive sentence by law [Case No. 3:19-cv-477, Doc. 5, p. 4]. The government also contends that petitioner's argument that the gun charge "was not included" in her plea is factually unfounded, as the § 924(c) offense was included in both the original and revised plea agreements, and petitioner pled guilty to the § 924(c) offense at the plea hearing [*Id*. at 4–5]. Finally, the government contends that communication between counsel and AUSA Davidson necessarily occurred, because the revised plea agreement was entered after AUSA Davidson's appearance in the case [*Id*. at 5]. Nevertheless, the government also argues that petitioner has not identified any effect that any purported lack of communication had on her case [*Id*.].

4

## II.     Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ."  28 U.S.C. § 2255.  To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255.  *Massaro v. United States*, 538 U.S. 500, 508–09 (2003).  A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987).  First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms."  *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise.  *Mason v.*

5

*Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

## III. Analysis

### A. Section 924(c) Conviction and Sentence

First, to the extent that petitioner is attempting to argue that her counsel was ineffective in informing her that the § 924(c) charge was included in her plea agreement, petitioner cannot show that her counsel was constitutionally deficient because her claim is belied by the record. Both the plea agreement [Doc. 19] and the revised plea agreement [34Doc. 24] specifically stated that petitioner was pleading guilty to both charges of the indictment: the drug count and the § 924(c) count. The Court reviewed each of the counts at the plea hearing, and petitioner specifically pleaded guilty to both the drug count and the

6

§ 924(c) count [Doc. 49, pp. 15–16]. Petitioner again confirmed that she had pleaded guilty to both the drug count and the § 924(c) count during the sentencing hearing [Doc. 50, pp. 3–4]. In light of this record, to the extent that petitioner now argues that she was unaware that she was pleading guilty to both the § 924(c) count and the drug count, such argument is belied by petitioner's own sworn statements at both the plea hearing and the sentencing hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity"). Accordingly, petitioner cannot show that her counsel was ineffective in this regard.

Second, to the extent that petitioner is arguing that her counsel was ineffective in failing to argue for the sentence on her § 924(c) conviction to run concurrently with the sentence on her drug conviction, petitioner cannot show that her counsel was constitutionally deficient, as counsel had no legal grounds to argue for a concurrent sentence. The plain language of § 924(c) requires a sentence of at least five years, which shall be "in addition to the punishment provided for [the underlying] crime of violence or drug trafficking crime[.]" 18 U.S.C. § 924(c)(1)(A). Courts have held that this language means that the sentence under § 924(c) "must run consecutively to all other prison terms." *United States v. Gonzales*, 520 U.S. 1, 9–10 (1997). The Supreme Court previously determined that this language meant that "[a]ny sentence for violating § 924(c) . . . must run consecutively to 'any other term of imprisonment,' including any other conviction

7

under § 924(c)." *Greenlaw v. United States*, 554 U.S. 237, 241 (2008).[3] Because the plain language of § 924(c) requires the mandatory minimum sentence under that statute to be served consecutive to the underlying drug offense, counsel had no legal ground to argue that petitioner's § 924(c) sentence should run concurrent with the sentence for her drug offense. Counsel is "not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Thus, petitioner cannot show that her counsel was ineffective in failing to argue for a concurrent sentence.

Moreover, to the extent that petitioner's claim could be construed as alleging that her counsel informed her that her sentences would run concurrently, such claim is also belied by the record. Both the plea agreement [Doc. 19] and revised plea agreement [Doc. 21] stated that the mandatory minimum five-year sentence on Count 2 was required to "be served consecutively to any other term of imprisonment imposed." At the plea hearing, the Court informed petitioner that the punishment for Count 2 was a term of imprisonment of at least five years "which must be served consecutively to any other term of imprisonment imposed," and petitioner confirmed that she understood this [Doc. 49, p. 16]. Petitioner again confirmed that she understood that Count 2 required a five-year term of imprisonment "that must be served consecutive to the sentence in Count 1" at the

---

[3] Congress later amended § 924(c) through Section 403 of the First Step Act of 2018, to eliminate the practice of stacking the mandatory minimum sentences for multiple convictions under § 924(c). First Step Act, Pub. L. 115-391, 132 Stat 5193, 5221–22 (2018); *see also United States v. Henry*, 983 F.3d 214, 217 (6th Cir. 2020). However, because petitioner was only convicted of one § 924(c) offense, this legal change is irrelevant to her argument.

sentencing hearing [Doc. 50, pp. 3–4]. In light of this record, to the extent that petitioner now argues that she was unaware that her § 924(c) sentence was required to run consecutive to the sentence for her drug conviction, such argument is belied by petitioner's own sworn statements at both the plea hearing and the sentencing hearing. *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity"). Accordingly, petitioner cannot show that her counsel was ineffective in this regard.

### B. Communication with AUSA

As to petitioner's claim that her counsel was ineffective in failing to talk to AUSA Davidson after she was assigned to the case, even taking petitioner's allegations as true, she cannot establish that she was prejudiced by any alleged deficient performance. Petitioner does not allege that anything regarding the outcome of her case would have changed had her defense counsel engaged in additional discussions with AUSA Davidson after she was assigned to the case. Indeed, petitioner does not even indicate what topic she believes counsel should have discussed with AUSA Davidson. By the time AUSA Davidson entered an appearance in the matter, petitioner had already entered into a plea agreement, and therefore, the primary negotiations with the government were completed. Ultimately, because petitioner does not allege any prejudice, even assuming that counsel somehow performed deficiently in failing to discuss some matter with AUSA Davidson, petitioner has nevertheless not shown that her counsel was ineffective.

9

## IV. Conclusion

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and her motion to vacate, set aside or correct sentence [Doc. 53; Case No. 3:19-cv-477, Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE